**E-FILED on** ___09/23/08___

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re EXTREME NETWORKS, INC. SHAREHOLDER DERIVATIVE LITIGATION<br><br>_____<br><br>This Document Relates To:<br><br>    ALL ACTIONS. | No. C-07-02268 RMW<br><br>ORDER DENYING KATHLEEN WHEATLEY'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OF THE COURT'S AUGUST 12, 2008 ORDER<br><br>**[Re Docket No. 85]** |

On August 12, 2008, the court issued an order granting nominal defendant Extreme Networks Inc.'s ("Extreme's") motion to dismiss the Second Amended Consolidated Verified Shareholder Derivative Complaint ("SAC") filed in this action. *See* 8/12/08 Order, Docket No. 82. In dismissing the SAC, the court stated:

> Plaintiffs have not pleaded facts sufficient to show that a majority of the board in place when the action was commenced are not disinterested or independent and so have not excused the failure to make a demand. Based on the allegations and judicially noticeable SEC filings, none of the directors appear to have received an improper benefit from an allegedly backdated option grant. Plaintiffs have failed to allege with particularity any facts from which it could be inferred that particular directors knew or should have known of accounting improprieties and any facts suggesting that the board knowingly allowed or participated in a violation of law. Finally, the plaintiffs have failed to allege any facts suggesting that the sale of stock

United States District Court
For the Northern District of California

>by directors was improper. In any event, even when backdating is "almost certain," the complaint must be dismissed unless it provides adequate detail regarding the knowledge and roles of the defendants. *In re Atmel Corp.*, 2007 WL 2070299 at *6 (N.D. Cal. 2007).

*Id.* at 17. The court determined that the appointed lead plaintiff, Frank Grucel, lacked standing to continue to pursue this action because he had sold his stock in Extreme. *Id.* at 10. It also determined that Kathleen Wheatley, who had verified the SAC but who had not been designated as lead plaintiff nor moved to intervene in the action, had not yet properly been appointed to act as lead plaintiff to represent the class. *Id.* Accordingly, the court granted plaintiffs leave to move to appoint a new lead plaintiff and counsel and to file an amended complaint.

    Kathleen Wheatley now moves for leave to file a motion for reconsideration of the court's August 12, 2008 order. As pointed out in Wheatley's motion for leave, in the August 12 order, the court incorrectly analyzed and compared the stock prices alleged based on a calendar year rather than on Extreme's fiscal year (which plaintiff alleged in a footnote ends on the first Sunday of July). The court also erroneously referred to calendar days rather than trading days, and therefore did not credit plaintiff's "Merrill Lynch" and "CFRA" analyses of the returns on some of the allegedly backdated options. Wheatley claims that these errors caused the court to erroneously grant Extreme's motion to dismiss the SAC.

    Extreme opposes the motion for leave to file. Extreme asserts (1) that Wheatley is a non-party to this action because she has not been granted leave to intervene; (2) that Wheatley's motion for leave does not meet the standard imposed by N.D. Cal. Civ. L.R. 7-9(b); (3) that plaintiff fails to acknowledge one key error that the court correctly identified was largely the basis of the court's decision; and (4) that reconsideration of the motion to dismiss would serve no purpose given that the motion to dismiss was granted with leave to amend (and Wheatley has now filed a third amended complaint and a motion to intervene and for the appointment of lead plaintiff and lead counsel).

    Putting aside for the moment the question of whether Wheatley may move for reconsideration without having been formally granted leave to intervene, the court understands the concern over its statements (1) that the SAC appeared to be "rife with errors" and (2) that as a result of those purported errors it had concerns that the complaint was not particularly well-pleaded.

1  Those general statements are substantially incorrect and the court retracts them. However,
2  Wheatley's contention that had the court properly considered the facts it would have found the SAC
3  sufficient is not correct.
4       As Extreme correctly notes, there was one error in the SAC that was expressly acknowledged
5  by plaintiff's counsel and that error was critical to the court's decision. The court found that the
6  share price for the October 22, 2001 grant to Director Kenneth Levy did not appear to suggest
7  backdating. 8/12/08 Order at 14. The SAC alleged that the October 22, 2001 grant to Levy was in
8  the lower third of the prices for the month ($10.64), when, in fact, plaintiff was mistakenly referring
9  to the price on October 2, 2001 ($6.42). Plaintiff's counsel acknowledged this error in a letter to the
10 court sent immediately after the hearing. *See* Docket No. 81. Based on the fact that the allegations
11 of the SAC did not indicate that the October 22, 2001 grant to Levy was backdated, the court stated
12 "[a]ccordingly, even if directors Stitt, Carinalli and Silverglide all held backdated options when suit
13 was filed, the plaintiffs have failed to establish that a majority of directors are interested due to
14 holding backdated options." *Id.* at 15.[1]
15      The court acknowledges that its dismissal order contains some erroneous statements.
16 Nevertheless, it concludes that such errors did not affect its conclusion that the SAC did not
17 sufficiently allege facts showing that demand was excused.

---

[1] Wheatley also complains that the court did not expressly cite certain facts in its order including: (1) that Levy was the founder and chairman of the board at KLA-Tencor and a defendant in a derivative action against that company alleging options backdating; and (2) that Levy is a director of Juniper Networks, and thus a defendant in securities litigation against that company involving backdating. These facts were not discussed because the court did not find them critical to its decision.

ORDER DENYING KATHLEEN WHEATLEY'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION OF THE COURT'S AUGUST 12, 2008 ORDER—07-02268 RMW
MAG             3

1    Accordingly, the court denies Wheatley's motion for leave to file a motion for
2 reconsideration of the court's August 12, 2008 order dismissing the SAC.  But the court
3 acknowledges that its analysis of the SAC contained errors which should not have been made and
4 hopefully no similar ones will be made when it considers the adequacy of the Third Amended
5 Complaint.

7    DATED:    09/23/08                              *Ronald M Whyte*

8                                                    RONALD M. WHYTE
                                                     United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiffs:**

| | |
|---|---|
| Robert Bramson | rbramson@bramsonplutzik.com |
| Emanuel Shachmurove | mshachmurove@sbtklaw.com |
| Aelish Marie Baig | AelishB@csgrr.com |
| Lawrence Timothy Fisher | ltfisher@bramsonplutzik.com |
| Alan R Plutzik | aplutzik@bramsonplutzik.com |
| Frank James Johnson | frankj@johnsonbottini.com |
| Shawn A. Williams | shawnw@csgrr.com |
| Eric L. Zagar | ezagar@sbtklaw.com |

**Counsel for Defendants:**

| | |
|---|---|
| John Henry Hemann | jhemann@morganlewis.com |
| Jonathan DeGooyer | jdegooyer@morganlewis.com |
| Joseph Edward Floren | jfloren@morganlewis.com |
| Laura Alexis Lee | llee@morganlewis.com |

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**   09/23/08                                                      JAS
                                                                **Chambers of Judge Whyte**