*E-FILED 07-06-2010*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE EXTREME NETWORKS, INC. SHAREHOLDER DERIVATIVE LITIGATION _____/ | No. C07-02268 RMW (HRL) <br><br> **INTERIM ORDER RE PLAINTIFFS' MOTION TO COMPEL DOCUMENTS** |

Plaintiffs in this shareholder derivative action have noticed for hearing on July 13, 2010 a motion to compel Extreme Networks, Inc. (Extreme) to produce documents in response to plaintiffs's First Set of Requests for Production (Docket No. 125). In very broad terms, the twenty-five requests at issue seek documents about:

(a) the Special Committee and its investigation and analysis;

(b) the Special Committee's decision not to charge individual defendants;

(c) the analysis and calculation of damages to the company as a result of the alleged stock option backdating;

(d) the stock option grants at issue as well as option grant practices;

(e) Extreme's financial restatement; and

(f) Compensation Committee and Audit Committee meeting minutes.

Plaintiffs tell this court in their motion papers that so far, they have received a mere trickle of documents from Extreme along with a host of spurious objections. On the other hand,

Extreme crows over the 46 binders of documents it has produced, earnestly claiming that they are the "most highly relevant" documents in the case, and suggesting that these are the ones "sought" by plaintiffs.

The court wonders if the parties are talking about the same twenty-five requests for production. To compound its wonderment, this court has been told that both meet-and-confer efforts and—apparently—additional document productions have occurred since the motion was filed (and, perhaps, since some or all of the subsequent briefing).

In short, the court is not prepared to address a motion where the issues to be decided are so murky. It needs some clarification, and then it will focus on getting the plaintiffs the information that reasonably pertains to their claims. Accordingly, the court orders as follows:

1. By July 26, 2010 Extreme will produce all documents responsive to the requests for production that it intends to produce. It does not have to produce documents that it claims are privileged or covered by the work product doctrine. It may also withhold documents over which it has a seriously maintained objection, one which will require the court's attention.[1] All withheld documents must be appropriately identified, along with the basis for withholding them.

2. By August 9, 2010 lead trial counsel for plaintiffs and Extreme will meet in person and in good faith seek to resolve all issues with respect to the requests for production. By August 16, 2010, they will submit a Joint Report, not to exceed 20 pages, describing the issues agreed upon and then detailing each of the disputed issues and their respective positions on them.

3. The court will consider issues raised for the first time in plaintiffs' reply papers (i.e., privilege log, back-up tapes, multiple copies of the same documents). If agreement cannot be reached on them during the face-to-face meeting between lead trial counsel, then Extreme may file a supplemental opposition, not to exceed 6 pages, by August 18, 2010 and plaintiffs a reply, not to exceed 3 pages, by August 20, 2010.

---

[1] No order has been issued staying discovery or limiting its scope, and a desire to have one or the other is not a valid objection to the discovery now sought by plaintiffs.

2

4. The hearing on the plaintiffs' motion to compel production of documents is continued to August 31, 2010 at 10:00 a.m. Lead trial counsel will attend in person.

SO ORDERED.

Dated: July 6, 2010

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

3

5:07-cv-02268-RMW Notice has been electronically mailed to:

Aelish Marie Baig     AelishB@rgrdlaw.com, khuang@rgrdlaw.com

Alan R Plutzik     aplutzik@bramsonplutzik.com, ptoovey@bramsonplutzik.com

Alan Roth Plutzik     aplutzik@bramsonplutzik.com

Christopher Martin Wood     cwood@rgrdlaw.com

Emanuel Shachmurove     mshachmurove@sbtklaw.com

Eric L. Zagar     ezagar@btkmc.com, dalbert@btkmc.com, der_filings@btkmc.com, rwinchester@btkmc.com, tkao@btkmc.com

Frank James Johnson     frankj@johnsonbottini.com, brett@johnsonbottini.com, frankb@johnsonbottini.com, paralegal@johnsonbottini.com

John Henry Hemann     jhemann@morganlewis.com, yandrada@morganlewis.com

Jonathan DeGooyer     jdegooyer@morganlewis.com, lwalker@morganlewis.com

Joseph Edward Floren     jfloren@morganlewis.com, mweiler@morganlewis.com, rluke@morganlewis.com

Laura Alexis Lee     llee@morganlewis.com

Lawrence Timothy Fisher     ltfisher@bramsonplutzik.com, dschroeder@bramsonplutzik.com

Lucas F. Olts     Lolts@rgrdlaw.com, e_file_sd@rgrdlaw.com

Robert Bramson     rbramson@bramsonplutzik.com

Shawn A. Williams     shawnw@rgrdlaw.com, cwood@rgrdlaw.com, e_file_sd@rgrdlaw.com, e_file_sf@rgrdlaw.com, jdecena@rgrdlaw.com, khuang@rgrdlaw.com, lolts@rgrdlaw.com, ptiffith@rgrdlaw.com, travisd@rgrdlaw.com

Tera Marie Heintz     theintz@morganlewis.com, dlang@morganlewis.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.