ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS (213113)
CHRISTOPHER M. WOOD (254908)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
cwood@rgrdlaw.com
       – and –
TRAVIS E. DOWNS III (148274)
LUCAS F. OLTS (234843)
IVY T. NGO (249860)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
travisd@rgrdlaw.com
lolts@rgrdlaw.com
ingo@rgrdlaw.com

Lead Counsel for Plaintiffs

*E-FILED - 11/18/10*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re EXTREME NETWORKS, INC. SHAREHOLDER DERIVATIVE LITIGATION | No. C-07-02268-RMW<br><br>JOINT CASE MANAGEMENT STATEMENT AND DISCOVERY PLAN AND [PROPOSED] ORDER |
| This Document Relates To:<br><br>    ALL ACTIONS. | |

583157_1

Pursuant to Civil Local Rule 16-9, plaintiff Kathleen Wheatley and nominal defendant Extreme Networks, Inc. ("Extreme" or the "Company") hereby submit this Joint Case Management Statement and Discovery Plan and [Proposed] Order.

In the last several weeks, the parties' settlement discussions have remained ongoing, and the parties continue to make progress towards resolving this matter. Because of these continued and ongoing discussions, this discovery plan was not submitted to the Court in accordance with the deadlines set forth at the October 15, 2010 Case Management Conference. The parties apologize for this delay, and while they remain hopeful that they can report an agreement in the next several weeks, the parties nonetheless believe that the entry of the following schedule is appropriate at this time should such efforts fail.

## I. JURISDICTION AND SERVICE

Based on the allegations set forth in plaintiffs' Third Amended Consolidated Verified Shareholder Derivative Complaint ("TAC"), this Court has jurisdiction of this matter under 28 U.S.C. §1331.

## II. FACTS

### A. Brief Description of the Events Underlying the Action

This is a consolidated shareholders' derivative action brought on behalf of nominal defendant Extreme Networks, Inc. against certain current and former members of its Board of Directors and senior executives for alleged breaches of fiduciary duties, abuse of control, gross mismanagement, constructive fraud, corporate waste, unjust enrichment, breaches of California Corporations Code §§25402 and 25502.5, and violations of §10(b), Rule 10b-5, §14(a) and §20(a) of the Securities Exchange Act of 1934 ("Exchange Act") in connection with Extreme's granting of and accounting for stock options. Plaintiff alleges that defendants allowed Extreme insiders to divert millions of dollars of corporate assets to themselves via the manipulation of the grant dates associated with options awarded to insiders covering millions of shares of Extreme stock – a scheme commonly referred to as "backdating."

**B.     Procedural Summary**

This action was commenced in April 2007.  On January 16, 2008, the Court entered a stipulated Order by which the parties agreed that "[d]iscovery may proceed" once the Court denies defendants' motion to dismiss the complaint on the grounds that plaintiff's failure to make a demand was not excused.  *See* Dkt. No. 60.  On August 12, 2008, the Court granted Extreme's and the individual defendants' motion to dismiss the second amended complaint.  Dkt. No. 82.  On September 4, 2008, plaintiff Kathleen Wheatley filed the TAC.  Dkt. No. 92.  On November 17, 2009, this Court issued the Order Denying Nominal Defendant's Motion to Strike and Motion to Dismiss.  Dkt. No. 111.

On December 3, 2009, defendants filed a Motion: (1) for Leave to File Motion for Reconsideration of November 17, 2009 Order Denying Nominal Defendant's Motion to Strike and Motion to Dismiss; or, in the Alternative, (2) for Stay of Action and Certification of Appeal Under 28 U.S.C. §1292(b); as well as a Motion to Stay Action and for Certification of Appeal Under 28 U.S.C. §1292(b).  Dkt. Nos. 112, 114.  On April 2, 2010, this Court entered an Order Denying Extreme's Motion for Reconsideration and for Stay of Action and Certification of Appeal (the "Reconsideration Order").  Dkt. No. 124.

Since that time, the parties have been engaged in the initial stages of discovery, as discussed in more detail below.  Further, the parties have engaged in extensive settlement discussions.

**III.   LEGAL ISSUES**

The principal factual and legal issues which the parties dispute are:

(a)     Whether the individual defendants violated the Exchange Act, specifically §§10(b), 14(a) and 20(a);

(b)     Whether the individual defendants breached their fiduciary duties to the Company and its shareholders;

(c)     Whether the individual defendants violated California insider trading laws, specifically Cal. Corp. Code §§25402 and 25502;

1         (d)      Whether plaintiff is entitled to an accounting from the individual defendants of expenses and damages resulting from the backdating of stock options, damages caused and the misallocation of expenses;

        (e)      Whether the individual defendants are liable to the Company for the unjust retention of a benefit to the loss of the Company;

        (f)      Whether the Company is entitled to the remedy of rescission;

        (g)      Whether some or all of the claims against some of the individual defendants are barred by the statute of limitations, as established either by statute or by contract;

        (h)      Whether some or all of the claims are barred by Extreme's Certificate of Incorporation, By-laws, governing Delaware law and/or contractual agreements with one or more of the individual defendants;

        (i)      Whether plaintiff has properly stated a claim for abuse of control, gross mismanagement and constructive fraud;

        (j)      Whether stock option backdating occurred at the Company;

        (k)      Whether the Company has suffered any damages as a result of the individual defendants' alleged misconduct;

        (l)      Whether and to what extent plaintiff has standing to sue on behalf of the Company for the claims alleged; and

        (m)      Whether the individual defendants committed corporate waste.

In addition, other legal and factual issues may be raised at the time that the individual defendants respond to the TAC.

**IV.    MOTIONS**

Plaintiff and defendants anticipate that they will file dispositive motions and discovery motions as may be necessary. The individual defendants anticipate filing motions to dismiss the TAC.

**V.    AMENDMENT OF PLEADINGS**

The TAC was filed on September 4, 2008. Plaintiff does not intend to amend the complaint at this time.

583157_1    JOINT CASE MANAGEMENT STATEMENT AND DISCOVERY PLAN AND [] ORDER- C-07-02268-RMW    - 3 -

## VI. DISCLOSURES

### A. Initial Disclosures

Extreme and plaintiff agreed to begin exchanging Federal Rule of Civil Procedure 26(a)(1) Initial Disclosures on May 28, 2010. Specifically, on that date, Extreme produced certain binders of documents related to the stock options allegedly at issue in this case. Defendants have yet to complete serving their initial disclosures. Plaintiffs served initial disclosures on all defendants on June 25, 2010.

## VII. EVIDENCE PRESERVATION AND ELECTRONIC DISCOVERY

Pursuant to the amendments to Fed. R. Civ. P. 26(f)(3), on December 4, 2009, the parties discussed disclosure and discovery of electronically stored information, including the form or forms in which it should be produced. Plaintiff has asked that Extreme and the individual defendants provide detailed information regarding steps taken to preserve evidence relevant in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails and other electronically recorded material. Plaintiff has also asked that, pursuant to Fed. R. Civ. P. 26 and 34, documents will be produced in their native format, in the form in which they were generated and kept at the Company. *See* Fed. R. Civ. P. 34, Advisory Committee Notes, 2006 Amendment, effective December 1, 2006, Subdivision (b). Extreme has advised plaintiff that it has taken appropriate steps to preserve evidence, and that electronic documents will be produced in appropriate format, which may or may not be "native" format depending on availability and the burden and expense involved. The parties have agreed to continue to meet and confer about appropriate format for the production of electronic documents.

## VIII. DISCOVERY AND PRE-TRIAL SCHEDULING

### A. Discovery Conducted To Date and Current Discovery Deadlines

Extreme provided to plaintiffs, on May 28, 2010, certain documents which it viewed as relevant to the grants alleged to be backdated in the TAC. Further, in July 2010, Extreme begun providing plaintiffs with documents responsive to search terms provided to Extreme by plaintiffs.

On July 29, 2010, Magistrate Judge Howard R. Lloyd entered a Stipulation and Order providing for the following discovery deadlines:

1.	The Parties agree that Extreme will provide Plaintiff with a privilege log identifying all documents withheld from the May 28, 2010 document production, on or before July 19, 2010.

2.	The Parties agree that Extreme will produce additional documents to Plaintiff in connection with the August 9, 2010 mediation, as ordered by the Court during the July 2, 2010, Case Management Conference. Such production shall begin no later than July 26, 2010, and shall be completed by September 15, 2010.

3.	The Parties agree that Extreme will provide Plaintiff with a rolling production of documents responsive to the electronic search terms agreed upon by the Parties, beginning on July 26, 2010. In the event that the August 9, 2010 mediation is unsuccessful, then by no later than September 15, 2010, Extreme will either (a) comply with Judge Lloyd's July 6, 2010 Order (in other words, proceed all documents responsive to our discovery requests); or (b) apply to the court for appropriate relief if Extreme is unable to complete such production.

4.	The Parties agree that Extreme will provide Plaintiff with a privilege log identifying all documents withheld from the production of documents responsive to the electronic search terms agreed upon by the Parties, no later than September 29, 2010.

5.	The parties agree that the deadline for Extreme to file an appropriate motion or response to the Subpoenas served by plaintiffs on June 23, 2010 to third-parties Ernst & Young LLP, Fenwick & West LLP, and PricewaterhouseCoopers LLP is hereby extended to August 26, 2010.

Subsequent to the entry of this order, on August 25, 2010, the Court signed a Stipulation and Order extending all discovery deadlines by one week. On September 3, 2010, the parties attended a case management conference, at which the parties agreed to extend all discovery deadlines by two weeks. Finally, on September 22, 2010, the Court signed a Stipulation and Order holding all discovery deadlines in abeyance until after the October 15, 2010 Case Management Conference.

The parties have agreed that these deadlines should be extended by an additional three weeks. Thus, based on the foregoing orders and agreements, the following discovery deadlines are currently in place:

1.	Defendants are to complete production of documents responsive to the electronic search terms provided by plaintiffs no later than November 19, 2010. Defendants will produce a privilege log for all documents withheld from the production pursuant to the search terms by December 3, 2010.

2. By no later than November 19, 2010, defendants will produce all documents responsive to document requests served by plaintiffs in December 2009, as well as a privilege log, or will apply to the Court for relief if they are unable to complete this production.

**B.    Discovery Plan and Schedule**

| EVENT | PROPOSED DATE |
|---|---|
| Fact Discovery | Already begun |
| Completion of Rule 26(a)(1) Initial Disclosures | November 18, 2010 |
| Close of Fact Discovery | May 8, 2011 |
| Rule 26(a)(2) Expert Disclosures | June 3, 2011 |
| Rebuttal Expert Disclosures | June 24, 2011 |
| Expert Depositions | July 7 – July 29, 2011 |
| Last Day for Filing Dispositive Motions | September 8, 2011 |

**C.    Limitation on Discovery**

Under Fed. R. Civ. P. 30, each party is permitted to take ten depositions. Under Fed. R. Civ. P. 33, each side is permitted to propound 25 interrogatories. The parties agree and the Court should order that the limitation set forth in Fed. R. Civ. P. 30 be adjusted to a total of 20 depositions for plaintiffs and a total of 20 depositions for defendants, and the limitation set forth in Fed. R. Civ. P. 33 be adjusted to 50 interrogatories total for all plaintiffs and 50 interrogatories for each defendant.

**IX.    CLASS ACTIONS**

There are no relevant class actions currently pending against the Company.

**X.    RELATED CASES**

There are no related cases currently pending against the Company.

**XI.    RELIEF**

Plaintiff seeks damages on behalf of Extreme for the harm caused by defendants' backdating of stock options. Plaintiff also seeks rescission of certain stock option grants, disgorgement of illegal insider trading proceeds, treble damages for insider trading under California law, and repayment of attorney fees paid by Extreme on behalf of the individual defendants for defense of this action.

## XII. SETTLEMENT AND ALTERNATIVE DISPUTE RESOLUTION

The parties' settlement discussions remain ongoing, and the parties continue to make progress towards resolving this matter. While the parties are hopeful that they can report an agreement in the next several weeks, they nonetheless believe that the entry of the following schedule is appropriate at this time should such efforts fail.

## XIII. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

The parties do not consent to assignment of this case to a magistrate for further proceedings.

## XIV. OTHER REFERENCES

N/A.

## XV. NARROWING OF ISSUES

Through the meet and confer and discovery process, including the initial disclosures and dispositive motions, the parties expect that the issues in this case will be narrowed.

## XVI. TRIAL

Plaintiff requests a trial date in 2011, and currently estimate that the trial will last for approximately 15 court days. Extreme believes that no trial date should be scheduled at this time; that in any event the action will not be ready for trial until 2012 given that the individual defendants have yet to file their initial responses to the complaint and that the length of trial cannot be ascertained until after the Court determines how many of the individual defendants will remain in the case and settles issues pertaining to the scope of claims and applicable time periods. The parties believe that a more accurate assessment of the length of the trial can be determined after the scope of the claims are determined and after discovery on such claims.

## XVII. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

At this time, the parties have no one to disclose.

## XVIII. MISCELLANEOUS TOPICS

### A. Service of Court Filings

All documents filed with the Court shall be filed electronically on the ECF website and service shall be accomplished consistent with the procedures in General Order No. 45. In the event that the ECF system is unavailable, service of the Court filings shall be accomplished as follows: (1)

1  pleadings, motions and briefs shall be served by facsimile or electronic mail on the day of filing,
2  with overnight delivery the same day of a complete copy of the pleading, motion or brief, and any
3  supporting documents, including exhibits; or (2) any filing may be served by hand on the same day
4  as filing.

      **B.**    **Service of Documents Not Filed with the Court**

For documents not simultaneously filed with the Court, such as discovery requests and responses thereto (other than items being produced as discovery), counsel for the parties shall serve each other by fax or electronic mail on the day of service, with overnight delivery of the document and any supporting materials, unless the parties mutually agree otherwise.

**XIX.   MODIFICATION OF THIS ORDER**

Plaintiff reserves the right to seek Court modification of this Order.

DATED: November 2, 2010           ROBBINS GELLER RUDMAN
                                                                                                                               &amp; DOWD LLP
                                                                                                 SHAWN A. WILLIAMS
                                                                                                 CHRISTOPHER M. WOOD

                                                                                                                                             /s/
                                                                                                         SHAWN A. WILLIAMS

                                                                                                 Post Montgomery Center
                                                                                                 One Montgomery Street, Suite 1800
                                                                                                 San Francisco, CA  94104
                                                                                                 Telephone:  415/288-4545
                                                                                                 415/288-4534 (fax)

                                                                                                 ROBBINS GELLER RUDMAN
                                                                                                  &amp; DOWD LLP
                                                                                                 TRAVIS E. DOWNS III
                                                                                                 LUCAS F. OLTS
                                                                                                 IVY T. NGO
                                                                                                 655 West Broadway, Suite 1900
                                                                                                 San Diego, CA  92101
                                                                                                 Telephone:  619/231-1058
                                                                                                 619/231-7423 (fax)

                                                                                                 Lead Counsel for Plaintiffs

| | | |
|---|---|---|
| 1 | DATED:  November 2, 2010 | MORGAN, LEWIS & BOCKIUS LLP |
| 2 | | JOHN H. HEMANN<br>JOSEPH E. FLOREN |

/s/<br>JOHN H. HEMANN

One Market, Spear Street Tower
San Francisco, CA 94105
Telephone:  415/442.1000
415/442.1001 (fax)

Attorneys For Nominal Defendant
EXTREME NETWORKS, INC.

I, Shawn A. Williams, am the ECF User whose ID and password are being used to file this Case Management Statement and [Proposed] Order.  In compliance with General Order 45, X.B., I hereby attest that John Hemann has concurred in this filing.

DATED:  November 2, 2010              /s/
                                                      SHAWN A. WILLIAMS

                              *     *     *

**O R D E R**

IT IS SO ORDERED.

DATED:  11/18/10            *Ronald M. Whyte*
                                      THE HONORABLE RONALD M. WHYTE
                                      UNITED STATES DISTRICT JUDGE